**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 04-CR-071-TCK |
| ) | (06-CV-268-TCK-PJC) |
| GERALD LAMONT OLDEN, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 68) filed by Defendant Gerald Lamont Olden ("Defendant" or "Olden"). The government filed a response (Dkt. # 72). Defendant filed a reply (Dkt. # 73). For the reasons discussed below, the Court finds Defendant's § 2255 motion shall be denied.

*BACKGROUND*

The record for this case indicates that on February 17, 2005, Defendant, represented by attorney Frank Lockhart, entered his plea of guilty to Possession With Intent to Distribute a Controlled Substance (Crack Cocaine). See Dkt. # 50. As part of his plea agreement, Defendant waived his right to a direct appeal and to collaterally attack the conviction and sentence under 28 U.S.C. § 2255, except for ineffective assistance of counsel claims challenging the validity of the plea or the rights waiver. See Dkt. # 50-2 at 3. On July 13, 2005, Defendant was sentenced to 156 months imprisonment to be followed by three (3) years supervised release. Judgment and Commitment (Dkt. # 62) was entered on July 28, 2005. No direct appeal to the Tenth Circuit was filed.

On May 24, 2006, Defendant, appearing *pro se*, filed the instant § 2255 motion (Dkt. # 68). He identifies one (1) ground of error as follows: (1) "whether counsel rendered ineffective assistance

when he failed to file a requested appeal or an Anders[1] brief?" See Dkt. # 68. On June 26, 2006, the government filed a response to the § 2255 motion (Dkt. # 72), arguing that the ineffective assistance of counsel claim is within the scope of the rights waiver contained in the plea agreement signed by Defendant. As a result, the government contends that the plea agreement bars the claim.

### ANALYSIS

**A. Evidentiary hearing**

The Court finds that an evidentiary hearing is not necessary because "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." 28 U.S.C. § 2255(b); see also Townsend v. Sain, 372 U.S. 293, 318 (1963), *overruled in part by* Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988). Therefore, no evidentiary hearing will be held.

**B. Ineffective assistance of counsel claim falls within scope of valid waiver**

As his sole proposition of error, Defendant alleges his attorney provided ineffective assistance in failing to file an appeal or Anders brief when Defendant specifically requested him to do so. In support of his claim, Defendant cites Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000) (holding that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal").

The record reflects that as part of his guilty plea, Defendant signed a plea agreement which included a waiver of his right to a direct appeal and a waiver of the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, "except for claims based on ineffective

---

[1] Anders v. California, 386 U.S. 738 (1967).

2

assistance of counsel which challenge the validity of the guilty plea or this waiver." See Dkt. # 72, attachment 1 at 3. In response to Defendant's § 2255 motion, the government argues that the waiver executed by Defendant as part of his plea agreement bars Defendant's claim that counsel failed to file a direct appeal as requested. The government has also provided the Affidavit of Defendant's attorney, Frank Lockhart. See Dkt. # 72, attachment 2. Mr. Lockhart states that "Mr. Olden never requested that your affiant file an appeal on his behalf. Furthermore, Mr. Olden had knowingly waived his right to appeal in his plea agreement and thus no "Anders" brief was required. Furthermore, your affiant corresponded with Mr. Olden after he was sentenced, and Mr. Olden did not request an appeal." Id. at ¶ 7.

In United States v. Hahn, 359 F.3d 1315 (10th Cir. 2004), the Tenth Circuit discussed the competing interests to be considered in cases involving rights waivers contained in plea agreements:

> Given the importance of plea bargaining to the criminal justice system, we generally enforce plea agreements and their concomitant waivers of appellate rights. See, e.g., United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998) ("A defendant's knowing and voluntary waiver of the statutory right to appeal his sentence is generally enforceable."). We do so, in large part, because public policy strongly supports such waivers as they benefit defendants, the government, and society at large. See United States v. Elliott, 264 F.3d 1171, 1174 (10th Cir. 2001). Nevertheless, we consistently hold that "a defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court." Id. at 1173 (quotation omitted).

Hahn, 359 F.3d at 1318. The Tenth Circuit has also held that "a waiver of collateral attack rights brought under § 2255 is generally enforceable where the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." United States v. Cockerham, 237 F.3d 1179, 1183 (10th Cir. 2001). In Cockerham, the Tenth Circuit recognized an exception to this general rule, holding "a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel

3

claims challenging the validity of the plea or the waiver. Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside that category are waivable."[2] Id. at 1187.

Under the facts of this case, the Court finds the waiver provisions of the plea agreement preclude consideration of the claim raised in this motion. See Hahn, 359 F.3d 1315, 1325-27 (10th Cir. 2004) (adopting 3-prong test for evaluating validity of appellate waiver). First, the claim of ineffective assistance of counsel asserted by Defendant falls within the scope of the plea agreement waiver and does not relate to the validity of the plea or waiver. Furthermore, Defendant does not challenge the validity of his plea or the waiver and does not claim counsel was ineffective in negotiating or explaining the plea agreement (including the waiver).[3] He only complains that counsel was ineffective for not filing an appeal he agreed to forgo. Finally, the Court finds that enforcement of the waiver will not result in a miscarriage of justice. Thus, Defendant's waiver is valid and the claim asserted in his § 2255 motion is barred by his waiver. See United States v. Shaw, 292 Fed.Appx. 728, 733-34 (10th Cir. 2008) (J. O'Brien, concurring) (unpublished); United States v. Macias, 229 Fed.Appx. 683 (10th Cir. 2007) (unpublished); United States v. Davis, 218

---

[2] The Court recognizes that in United States v. Garrett, 402 F.3d 1262 (10th Cir 2005), the Tenth Circuit determined that even if a defendant executed a plea agreement containing a waiver of appeal, if counsel failed to file a requested appeal, the defendant is entitled to a new appeal without a showing that his appeal would likely have had merit. However, the Tenth Circuit further noted that "the plain language of the waiver does not address the type of claim [the defendant] has raised." Id. at 1266 n.5.

[3] At the change of plea hearing, the Court entered an Order explicitly finding "the plea of guilty is made by the defendant freely and voluntarily, that the defendant is guilty as charged, that the plea is not out of ignorance, fear, inadvertence or coercion, and that the defendant has a full understanding of its consequences." See Dkt. # 50-3 at 8.

4

Fed.Appx. 782 (10th Cir. 2007). The Court concludes that Defendant is not entitled to relief under 28 U.S.C. § 2255 based on his claim of ineffective assistance of counsel.

### *CONCLUSION*

Defendant has failed to demonstrate entitlement to relief on the claim asserted in his § 2255 motion. Therefore, his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 68) is **denied**.

2. A separate judgment in favor of the government shall be entered in this matter.

DATED THIS 9th day of September, 2009.

*[signature]*

TERENCE KERN
UNITED STATES DISTRICT JUDGE